IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS and GEORGE WILLIS,

    Plaintiffs,

vs.                                                                                          Civ. No. 13-280 KG/KK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
BOB SMITH, KATHY BROWN, DANIEL ULIBARRI,
and BERKSHIRE HATHAWAY, INC.,

    Defendants.

## ORDER DENYING REMAND

This matter comes before the Court on Plaintiffs' Amended Motion for Remand to State Court and Memorandum in Support (Amended Motion for Remand), filed April 2, 2013. (Doc. 10). Defendant Daniel Ulibarri responded on April 12, 2013; Defendants Government Employees Insurance Company and GEICO General Insurance Company responded on September 27, 2013; and Plaintiffs replied on April 29, 2013. (Docs. 12, 14, and 57).

On January 20, 2015, the Court held a hearing on the Amended Motion for Remand. Geoffrey Romero represented Plaintiffs at the hearing while Daniel Lewis and Chris Winters represented Defendants Government Employees Insurance Company and GEICO General Insurance Company, Donna Chapman and Melonie Perry represented Defendant Ulibarri, and Susan Bisong represented Defendant Berkshire Hathaway, Inc.

Having considered the Amended Motion for Remand, the accompanying briefs, the Notice of Removal (Doc. 1), the Affidavit of Daniel P. Ulibarri (Doc.1-4), and the argument of counsel at the January 20, 2015 hearing, the Court finds that

1.  the Complaint brings only a New Mexico Trade Practices and Frauds Act (TPFA) claim against Defendant Ulibarri; and

2.  Defendant Ulibarri has shown with particularity that he was acting as GEICO's attorney as of August 24, 2012, when Plaintiffs informed GEICO that they would be filing a lawsuit prior to mediation.

Because Defendant Ulibarri was acting in his capacity as an attorney, the Court concludes that there is no possibility of a TPFA cause of action against Defendant Ulibarri.  *See Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 27, 135 N.M. 397 ("The private right of action under the Insurance Code is limited by statute to violations by insurance companies and their agents; attorneys are not included.").  Plaintiffs, therefore, fraudulently joined a non-diverse Defendant.  *See Couch v. Astec Indus., Inc.*, 71 F.Supp.2d 1145, 1147 (D.N.M. 1999) (fraudulent joinder occurs "where a plaintiff cannot plead a cause of action against the non-diverse defendant.").  Hence, the Amended Motion for Remand, which asserts lack of diversity jurisdiction, is without merit and is denied.

IT IS ORDERED that Plaintiffs' Amended Motion for Remand to State Court and Memorandum in Support (Doc. 10) is denied.

_____
UNITED STATES DISTRICT JUDGE