IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS and
GEORGE WILLIS,

    Plaintiffs,

vs.                                                                Civ. No. 13-280 KG/KK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
BOB SMITH, KATHY BROWN, DANIEL ULIBARRI, and
BERKSHIRE HATHAWAY, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' [sic] Government Employees Insurance Company and GEICO General Insurance Company['s] Motion to Bifurcate and Stay Discovery and Proceedings as to Plaintiffs' Extra-Contractual Claims (Motion to Bifurcate and Stay), filed on March 31, 2015.  (Doc. 80).  Plaintiffs filed a response on April 23, 2015, and Defendant Government Employees Insurance Company filed a reply on May 8, 2015.  (Docs. 87 and 90).  Having considered the Motion to Bifurcate and Stay as well as the accompanying briefs, the Court denies the Motion to Bifurcate and Stay.

*A. Background*

This action arises from a motor vehicle collision with an underinsured motorist. Plaintiffs are suing Defendants for damages and injunctive relief with respect to Plaintiffs' underinsured motorist insurance (UIM) coverage under their GEICO automotive insurance policy.  Plaintiffs contend that Defendants Government Employees Insurance Company, GEICO General Insurance Company, Bob Smith, Kathy Brown, and Daniel Ulibarri (collectively,

GEICO Defendants) have undervalued Plaintiffs' damages and handled the claim in bad faith. Plaintiffs also contend that the GEICO Defendants civilly conspired with Defendant Berkshire Hathaway, Inc., the alleged holding company of Defendants Government Employees Insurance Company and GEICO General Insurance Company (collectively, GEICO), "to commit common law bad faith and to violate the insurance code and unfair trades practices statutes of the State of New Mexico…." (Doc. 1-1) at ¶¶ 4 and 177.

Counts I and VI of the complaint raise breach of contract claims.  Plaintiffs allege in those Counts that the GEICO Defendants failed to pay Plaintiffs the full value of the UIM benefits which they are legally entitled to under the insurance policy.  *Id.* at ¶¶ 139 and 162.  Counts II, III, IV, V, VII, IX, and X relate to claims of bad faith on the part of Defendants.  The bad faith claims are based primarily on allegations that the GEICO Defendants (1) "failed to deliver the quality or quantity of services contracted" for; (2) did not timely process the claim; and (3) did not act honestly.  (Doc. 1-1) at ¶¶ 143, 147, 150, 155, and 158.  Count VIII is a claim for declaratory judgment which seeks declarations concerning both the alleged breach of contract claims and the bad faith claims.

GEICO moves to bifurcate the case so that the Court tries the contract claims before the extra-contractual claims, i.e., the bad faith claims.  GEICO also moves to stay discovery and proceedings on the bad faith claims pending resolution of the contract claims.

*B. Discussion*

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize."  A trial court has broad discretion in determining whether to bifurcate a trial or discovery under Rule 42(b).  *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir.1985).  "Bifurcation is often in the interest of

efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico*, 2007 WL 5231690, at *2 (D.N.M.) (citing *Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004)). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Industries, Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* at 964. Moreover, bifurcation should not be ordered routinely unless it is clearly necessary. *See Marshall v. Overhead Door Corp*., 131 F.R.D. 94, 98 (E.D. Pa 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.,* 697 F.Supp.2d 1233, 1250 (D. Kan. 2010).

The district court also has broad discretion in managing its docket, including the entry of an order staying proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The district court can stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

GEICO argues that bifurcation is appropriate for two reasons. First, GEICO contends that Plaintiffs must first establish that they are entitled to UIM benefits and damages under the insurance policy before any extra-contractual bad faith claims are ripe for adjudication. Bifurcation of the contract and bad faith claims would, therefore, be in the interest of efficiency and judicial economy. Second, GEICO argues that bifurcation will prevent confusion and unfair prejudice to GEICO.

*1. Whether Plaintiffs Must Establish a Breach of Contract Before Extra-Contractual Claims are Ripe for Adjudication*

The first step in the bifurcation analysis is to characterize the contract claims so that the Court can determine if the extra-contractual claims, i.e., the bad faith claims, are, in fact, contingent on a resolution of the contract claims.  GEICO and Plaintiffs have two different views of the contract claims:  (1) GEICO contends that Plaintiffs must show both that they are legally entitled to UIM benefits under the insurance policy and that the insurance policy allows for the amount of damages Plaintiffs seek; and (2) Plaintiffs contend that GEICO admits that Plaintiffs are legally entitled to UIM benefits for the actions of the underinsured motorist and that GEICO breached the insurance policy by denying Plaintiffs the amount of damages they are legally entitled to under the insurance policy.

Reading the complaint as a whole, Plaintiffs do not allege that GEICO breached the insurance policy by denying UIM coverage for the actions of the underinsured motorist.  Instead, Plaintiffs allege that GEICO breached the insurance policy by undervaluing the damages they are legally entitled to under the UIM coverage.  Defendant GEICO General Insurance Company supports this breach of contract theory by admitting in its answer that Defendant Brown stated in a September 21, 2012, letter and in a September 25, 2012, letter that the parties "have an honest dispute" over the value of Plaintiffs' insurance claim.[1]  (Doc. 38) at ¶¶ 100 and 101.  From Plaintiffs' allegations and that admission, the Court concludes that there is no issue regarding the

---

[1] Plaintiffs also contend that GEICO admitted that it owed Plaintiffs additional funds when it stated in an April 1, 2015, email that it "has not withdrawn its settlement offer." *See* (Doc. 87-3).  GEICO correctly notes that an offer of settlement cannot constitute an admission of liability. *See, e.g., Hamilton v. Water Whole Int'l Corp.*, 302 Fed. Appx. 789, 795 (10th Cir. 2008).

4

<small>

underlying liability of the underinsured motorist and the right to a UIM claim.  Rather, the contract claims arise solely from the allegation that GEICO undervalued Plaintiffs' damages.

Having determined the character of the contract claims, the Court now addresses GEICO's argument that the contract claims should be decided before the bad faith claims, because the extra-contractual bad faith claims depend on the resolution of the contract claims. To support its argument, GEICO cites first *Burge v. Mid-Continent Cas. Co.*, wherein the New Mexico State Supreme Court stated that allowing the insurer "its day in court to litigate its contract defenses is especially important in light of Burge's other claims against Mid-Continent, [the insurer,] including claims for bad faith and punitive damages." 1997-NMSC-009, ¶ 20, 123 N.M. 1, 7.  *Burge* is distinguishable and does not control this case.  Indeed, the New Mexico Supreme Court made this statement in *Burge* in holding that an insurer is not bound by a default judgment in a separate lawsuit between the insured and the uninsured motorist, a situation not present in this case.  *Id.* at ¶ 2.

Next, GEICO cites *Charter Servs., Inc. v. Principal Mut. Life Ins. Co.*, 1994-NMCA-007, 117 N.M. 82, as supportive.  This case also is inapposite.  The New Mexico Court of Appeals stated in that case that "the concept of bad faith failure to pay in the insurance context does not arise unless there is a contractual duty to pay under the policy." *Id*. at ¶ 17.  In *Charter Servs., Inc.*, the insurance policy did not cover an injured employee, thereby precluding the insured, the employer, from pursuing a bad faith claim against the insurer.  *Id.* at ¶ 20.  Here, on the other hand, the insurance policy provides UIM coverage for Plaintiffs.

GEICO also cites *State Farm Mut. Auto. Ins. Co. v. Barker*, 2004-NMCA-105, 136 N.M. 211.  The New Mexico Court of Appeals stated in *Barker* that the question of the uninsured motorist's liability must be determined before an insured can legally collect damages from the

5

insurer. *Id.* at ¶ 14.  In this case, the underlying underinsured motorist's liability is not an issue which must be determined.

In addition, GEICO cites *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431 (10th Cir. 1993).  In *Oulds*, the Tenth Circuit applied Oklahoma law in determining that a bad faith claim cannot arise if there is an underlying "legitimate dispute" as to coverage or the amount of the claim.  *Id.* at 1436.  In New Mexico, a bad faith claim does not require the resolution of an underlying dispute regarding coverage or the amount of a claim.  New Mexico courts have held that "an insurer acts in bad faith when it denies a first party claim for reasons that are frivolous or unfounded" or when an insurer refuses to settle "based on a dishonest judgment." *Am. Nat. Prop. & Cas. Co. v. Cleveland*, 2013-NMCA-013, ¶ 11, 293 P.3d 954; *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 19, 135 N.M. 106.

GEICO further appears to argue that Plaintiffs' bad faith claims require a determination of Plaintiffs' actual damages, i.e., what GEICO should pay under the policy, which is also necessary in deciding the contract claims.  The Court disagrees that a determination of actual damages as such is necessary to show a bad faith claim based on GEICO's handling of Plaintiffs' claim.  An insurer in New Mexico can act in bad faith in its handling of a claim "for reasons other than its refusal to pay" a claim in full.  *O'Neel v. USAA Ins. Co.*, 2002-NMCA-028, ¶ 7, 131 N.M. 630; s*ee also Dellaira v. Farmers Ins. Exhc.,* 2004-NMCA-132, ¶¶ 5, 14-16, 136 N.M. 552 (insureds had bad faith claim against third-party handling claims for insurer even when a jury previously determined no breach of insurance contract).  Here, Plaintiffs' bad faith claims concerning quality or quantity of services, untimeliness, and dishonesty are for "reasons other than [GEICO's] refusal to pay" Plaintiffs' claim in full.  Those bad faith claims are distinct and independent from Plaintiffs' claim that GEICO refused to pay Plaintiffs' claim in full, the basis

for Plaintiffs' contract claims.  Accordingly, the bad faith claims are not contingent on the contract claims.  GEICO has, therefore, failed to demonstrate that bifurcation is warranted for that reason.

       *2. Whether Bifurcation will Prevent Confusion and Unfair Prejudice to GEICO*

GIECO cites *Hovet v. Allstate Ins. Co.* to support its argument that bifurcation will prevent jury confusion and unfair prejudice to it.  2004-NMSC-010, 135 N.M. 397.  In *Hovet*, a third-party claimant sued an automobile insurer for unfair settlement practices.  *Id.* at ¶ 23.  The New Mexico Supreme Court noted the "potential confusion" if the third-party claimant litigated the unfair settlement practices claim "simultaneously with the underlying negligence litigation." *Id.* at ¶ 25.  The New Mexico Supreme Court concluded that "[a] third-party claimant's statutory cause of action against the insurer for unfair settlement practices must await the conclusion of the underlying negligence action between the claimant and the insured."  *Id.* at ¶ 26.  Accordingly, "a third-party claimant may not sue both the insured and the insurer in the same lawsuit."  *Id*.  GEICO asserts that the distinction between a first-party claimant, as in this case, and a third-party claimant, as in *Hovet*, is not relevant to the concern for jury confusion and unfair prejudice.

The Court, however, finds that *Hovet* is distinguishable.  Unlike *Hovet*, the underlying negligence of the underinsured motorist is not at issue in this case.  Hence, there is no risk of simultaneous litigation on the issue of underlying negligence.  Moreover, because this is a first-party claimant case, if the Court denies the request to bifurcate, a jury will not contend with a third-party claimant attempting to sue both the insured and insurer in one lawsuit, the situation described in *Hovet*.

GEICO also appears to argue that jury confusion will ensue, because the contract claims require that a jury determine whether Plaintiffs are "legally entitled to recover" the amount of damages sought under the insurance policy, which GEICO contends is a condition precedent to Plaintiffs' bad faith claims. GEICO cites *Boradiansky v. State Farm Mut. Auto. Ins. Co.* for the proposition that "legally entitled" includes establishing the amount of damages. 2007-NMSC-015, ¶ 19, 141 N.M. 387. In that case, the New Mexico Supreme Court addressed whether the cap on damages under the New Mexico Tort Claims Act limits recovery of UIM damages, concluding that "the cap in in the Tort Claims Act is not a bar to Plaintiff's right to legally recover" damages. *Id*. at ¶¶ 18, 20 (citing *West American Ins. Co. v. Popa*, 353 Md. 455, 723 A.2d 1, 11 (1998). The New Mexico Supreme Court did not rely on the *Popa* court's reference to the establishment of the amount of damages to determine a legally entitled right to recover damages.

The Court notes that New Mexico statutory law on UM/UIM coverage simply requires "the insured be legally entitled to recover damages and that the negligent driver be uninsured" or underinsured. *Farmers Ins. Co. of Arizona v. Sandoval*, 2011-NMCA-051, ¶ 7, 149 N.M. 654, 657, 253 P.3d 944, 947 (citing *Schmick v. State Farm Mut. Auto. Ins. Co.,* 1985-NMSC-073, ¶ 11, 103 N.M. 216 (1985)). Neither New Mexico statutes nor caselaw require the establishment of the amount of damages before an insured can be considered legally entitled to recover damages at all. An insured, therefore, can be legally entitled to recover damages even if the exact amount of damages is not yet determined. That is what happened in this case. *See* (Doc. 38) at ¶¶ 100 and 101) (Defendant Brown stated in September 21, 2012, letter and September 25, 2012, letter that the parties "have an honest dispute" over the value of Plaintiffs' insurance

claim).  GEICO has failed to convince the Court that a determination of damages is a condition precedent to the bad faith claims.

Next, GEICO argues that jury confusion will occur, because the contract claims and the bad faith claims require separate and different determinations.  Additionally, GEICO is concerned that it will be prejudiced in its defense of the contract claims if Plaintiffs make "[i]nflammatory assertions" concerning the bad faith handling of Plaintiffs' claim.  (Doc. 90) at 6.  The Court does not find that there is a substantial risk of juror confusion or prejudice simply because the jury will consider admissible evidence regarding both the bad faith and contract claims.  Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case.  Sufficiently clear jury instructions, including limiting instructions, and clear arguments by counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice.

In addition, GEICO contends that the jury cannot consider evidence regarding insurance when it decides the UIM claim.  Federal Rule of Evidence 411 provides that evidence of insurance "is not admissible to prove whether the person acted negligently or otherwise wrongfully."  The Court expects the parties to adhere to the Federal Rule of Evidence and will address any evidentiary issues pertaining to Rule 411, should they arise at all, at trial.

GEICO also contends that evidence regarding the amount of liability insurance Plaintiffs recovered from the underinsured motorist's insurer and the amount of UIM coverage provided in the insurance policy are irrelevant and prejudicial, and should be excluded under Fed. R. Evid. 403.  GEICO makes this Rule 403 argument for the first time in its reply.  As such, the Court will not consider that argument at this time.

Finally, GEICO raises concerns regarding prejudice associated with conducting discovery on both the contract claims and the bad faith claims. Because the Court will deny the request for bifurcation, the Court will not stay discovery and proceedings on the bad faith claims. Discovery regarding the contract claims and the bad faith claims will proceed as the Magistrate Judge has ordered. Of course, the Court may consider any disputes with respect to discovery as they arise.

*C. Conclusion*

GEICO has not convinced the Court that bifurcation of this case under Rule 42(b) is clearly necessary. Without bifurcation of the case, there is no need to stay discovery and proceedings on the bad faith claims. Consequently, the Court denies the Motion to Bifurcate and Stay.

IT IS ORDERED that Defendants' [sic] Government Employees Insurance Company and GEICO General Insurance Company['s] Motion to Bifurcate and Stay Discovery and Proceedings as to Plaintiffs' Extra-Contractual Claims (Doc. 80) is denied.

_____
UNITED STATES DISTRICT JUDGE