IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS, and GEORGE WILLIS,

        Plaintiffs,

v.

No. 1:13-cv-00280-KG-KK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY, GEICO CASUALTY COMPANY,
BOB SMITH, KATHY BROWN, DANIEL ULIBARRI, and
BERKSHIRE HATHAWAY, INC.,

        Defendants.

## DEFENDANTS GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO GENERAL INSURANCE COMPANY'S MOTION FOR PROTECTION

Defendants Government Employees Insurance Company ("Government Employees"), and GEICO General Insurance Company ("GEICO General") (collectively the "Defendants" or "GEICO"), by and through its counsel of record, Chapman and Charlebois, P.C. (Donna Chapman) and Perry Law, PC (Meloney Perry), as to the extra-contractual claims only, hereby files this Motion for Protection, and in support thereof, Defendants respectfully state as follows:

## I.
## BACKGROUND

Plaintiffs' suit against the Defendants arises from an automobile accident with an alleged uninsured motorist. Plaintiffs' live complaint seeks to recover under the Uninsured/Underinsured Motorist Coverage ("UM/UIM") provision of their insurance policy. In addition, Plaintiffs alleged various extra-contractual claims.

The Plaintiffs also sued Bob Smith, a former employee of GEICO. However, Bob Smith has never been served in the lawsuit. GEICO has a policy that precludes disclosure of a former employee's address absent consent from the employee or a court order requiring the disclosure. Bob Smith has not granted permission to GEICO to disclose his address. Instead, he has expressly prohibited the release of this information. For the following reasons, GEICO seeks a protective order to prevent disclosure of Bob Smith's address or, alternatively, a protective order requiring disclosure of the address, but limiting the use of the address to matters related to this lawsuit.

## II.
## ARGUMENTS AND AUTHORITIES

### A. Standard for Issuing a Protective Order

Federal district courts have broad discretion over discovery. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 831 (10th Cir. 1995); *S2 Automation LLC v. Micron Technology, Inc.*, No. CIV 11–0884 JB/WDS, 2012 WL 3150406, *9 (D.N.M. 2012); *Morales v. E.D. Etnyre & Co.*, 229 F.R.D. 661, 662 (D.N.M. 2005). Rule 26(c)(1) provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which order may include forbidding disclosure or discovery, specifying terms for the disclosure or discovery, and/or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(A), (B) and (G).

The entry of a protective order is left to the sound discretion of the district court. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990). The "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise."

*Rohrbough*, 549 F.3d at 1321; *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C.Cir.1999). The party seeking a protective order has the burden to show good cause for a protective order. *S2 Automation LLC*, 2012 WL 3150406 at *10.

### B.   Persons Have a Privacy Interest in Information Regarding Their Homes

Federal courts have ruled that individuals retain a "meaningful interest in the privacy of information concerning their homes" including "some privacy interest in their home addresses." *FLRA v. U.S. Dep't of Navy*, 966 F.2d 747, 756 (3rd Cir. 1992). The fact that the home address may be publicly available does not eliminate this privacy interest. *See Paul P. v. Verniero*, 170 F.3d 396, 404 (3rd Cir. 1999). As the Supreme Court noted, "persons have some nontrivial privacy interest in nondisclosure . . . ." *U. S. Dep't of Defense v. FLRA*, 510 U.S. 487, 501, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994). Because of this interest, the courts "must engage in the balancing inquiry repeatedly held appropriate in privacy cases." *Paul P.*, 170 F.3d at 404 (engaging in a determination of whether the privacy interest of those convicted of sexual offenses outweighed the public interest in preventing sex offenses).

In a comparable scenario, courts often engage in a balancing test with regard to potential members in a class action lawsuit. Although Rule 26(d) allows for the discovery of the identity and location of persons who know of any discoverable matter, in the class action context, courts balance the following factors when assessing the potential intrusion of pre-certification discovery on the putative class members' right of privacy in their contact information:  (1) if the party has a legally protected privacy interest; (2) whether the party has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy. *Murphy v. Target Corp.*, No. 09CV1436-AJBWMC, 2011 WL 2413439, at *1 (S.D. Cal. June 14, 2011). In *Murphy*, the potential class members included current and former Target employees. The

court concluded that "employees have a legally protected privacy interest and a reasonable expectation of privacy in their contact information held by Target," but noted that the information was not particularly sensitive, and was protected by the scope of the opt-out provision. *Murphy*, 2011 WL 2413439, at *4.

In *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550 (N.D. Ill. 2008), the court agreed with the defendants that the law recognizes the privacy of the home and protects against the disclosure of matters of personal concern. The court also noted that a list of employee names and addresses could possibly be considered a trade secret in certain circumstances. *Id*. at 554, *citing CAN Fin. Corp. v. Local 743 of Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 515 F.Supp. 942, 946 (N.D. Ill. 1981). The court weighed the plaintiffs' need for discovery against the privacy rights at issue. "Simply because the discovery sought is relevant does not automatically entitle a plaintiff to the information." *Id*. Even so, the court determined that the request for contact information of similarly situated employees outweighed the privacy rights of the employees as potential plaintiffs. To mitigate the privacy concerns, the court imposed a protective order "to assure the information provided to Plaintiffs is protected from disclosure and used for its intended purposes." *Id*.

### C. Request for Protection

GEICO's former employee, Bob Smith, has a privacy interest in his personal information, including his address and other contact information. Pursuant to GEICO's policy, his address cannot be disclosed absent his consent. GEICO does not have Bob Smith's consent, and Mr. Smith has expressly denied GEICO permission to disclosure his last known address. Accordingly, GEICO requests the Court to issue a protective order precluding the disclosure of

Bob Smith's address in this matter.  Alternatively, GEICO requests the Court issue a protective order limiting the disclosure of such information to this case and related matters to this lawsuit.

        Respectfully submitted,

        PERRY LAW, P.C.

By: */s/ Meloney Perry*
   Meloney Perry
   10440 N. Central Expressway, Suite 600
   Dallas, TX  75231
   214-265-6201 – Telephone
   214-265-6226 – Facsimile
   mperry@mperrylaw.com

   -and-

   Donna L. Chapman
   CHAPMAN AND CHARLEBOIS, P.C.
   P.O. Box 92438
   Albuquerque, NM 87199
   505-242-6000 – Telephone
   505-213-0561 – Facsimile
   donna@cclawnm.com

   *Attorneys for Defendants GEICO General Insurance Company and Government Employees Insurance Company as to the Extra-Contractual claims only*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record on the 3rd day of September, 2015 in accordance with the Federal Rules of Civil Procedure:

Richard Valle
Andrea D. Harris
Crisostoir O'Cleireachain
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle, NE
Albuquerque, New Mexico 87110

Geoffrey R. Romero
Law Offices of Geoffrey R. Romero
4801 All Saints Road NW #A
Albuquerque, New Mexico 87120

Ray M. Vargas, II
The Vargas Law Firm, LLC
807 Silver Avenue SW
Albuquerque, New Mexico 87102

Bruce Thompson
Martinez, Hart & Thompson
1801 Rio Grande NW
Albuquerque, New Mexico 87104

Tim Fields
Susan Miller Bisong
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103

Daniel W. Lewis
Christopher P. Winters
Allen, Shepard, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199

                                                */s/ Meloney Perry*
                                                Meloney Perry