IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS, and GEORGE WILLIS,

    Plaintiffs,

v.              No. 1:13-cv-00280-KG-KK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY, GEICO CASUALTY COMPANY,
BOB SMITH, KATHY BROWN, DANIEL ULIBARRI, and
BERKSHIRE HATHAWAY, INC.,

    Defendants.

## DEFENDANTS GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO GENERAL INSURANCE COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTION

  Defendants Government Employees Insurance Company ("Government Employees") and GEICO General Insurance Company ("GEICO General") (collectively the "Defendants" or "GEICO"), file this Reply to Plaintiffs' Response to Motion for Protection, and in support thereof, Defendants respectfully state as follows:

### I.
### ARGUMENTS AND AUTHORITIES

  GEICO disputes the factual allegations contained in Plaintiffs' Response, but acknowledges that discovery of the issues in dispute is permitted at this stage. However, even though discovery is permitted generally, Plaintiffs have not offered a single authority in response to the authorities set forth in GEICO's Motion to overcome Bob Smith's privacy interest in his home address. Instead, the authorities contained in GEICO's Motion establish that a protective

order should be entered to prevent disclosure of Mr. Smith's address, or alternatively to protect the disclosure and/or improper use of his address outside of this litigation.

Contrary to Plaintiffs' argument, GEICO has established good cause for issuance of a protective order. To demonstrate good cause, the party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). "Legitimate interests in privacy are among the proper subjects of this [Rule 26(c)] provision's protection." *Pearson v. Miller*, 211 F.3d 57, 72 (3rd Cir. 2000).

Mr. Smith has a "meaningful" privacy interest in his home address and, further, has an expectation of privacy in information held by GEICO due to GEICO's policy of not disclosing such information without the employee's consent. *See FLRA v. U.S. Dep't of Navy*, 966 F.2d 747, 756 (3rd Cir. 1992); *Murphy v. Target Corp.*, No. 09CV1436-AJBWMC, 2011 WL 2413439, at *4 (S.D. Cal. June 14, 2011); *see also U. S. Dep't of Defense v. FLRA*, 510 U.S. 487, 501, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994). Based on Mr. Smith's own meaningful right of privacy and his expectation of privacy in information held by GEICO, GEICO is precluded from disclosing his address without consent. Mr. Smith has not consented. Absent a court order either precluding disclosure or mandating the disclosure of Mr. Smith's address, GEICO would be exposed to potential claims by Mr. Smith for disclosure of his address in violation of the policy precluding such disclosure. Such claims could potentially include breach of contract and invasion of privacy, among others. Thus, GEICO has established good cause for issuance of an order of protection under Rule 26(c).

## II.
## CONCLUSION AND PRAYER

The current protective order does not address this issue, and a more specific and tailored protective order is required with regard to Mr. Smith's privacy interest in his home address. *See Johnson v. Ford Motor Co.*, No. 3:13-CV-06529, 2015 WL 1527858, at *1 (S.D.W.Va. Apr. 3, 2015) (granting request for specific and tailored protective order separate from the universal protective order already entered in the case). Therefore, GEICO respectfully requests that this Court enter a protective order precluding the disclosure of Bob Smith's address. Alternatively, GEICO requests the Court issue a protective order limiting the disclosure of such information to this case and related matters to this lawsuit.

Respectfully Submitted,

PERRY LAW, P.C.

By: */s/ Meloney Perry*
Meloney Perry
10440 N. Central Expressway, Suite 600
Dallas, TX  75231
214-265-6201 – Telephone
214-265-6226 – Facsimile
mperry@mperrylaw.com

-and-

Donna L. Chapman
CHAPMAN AND CHARLEBOIS, P.C.
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000 – Telephone
505-213-0561 – Facsimile
donna@cclawnm.com

*Attorneys for Defendants GEICO General Insurance Company and Government Employees Insurance Company as to the Extra-Contractual claims only*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record on the 23rd day of October, 2015 in accordance with the Federal Rules of Civil Procedure:

Richard Valle
Andrea D. Harris
Crisostoir O'Cleireachain
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle, NE
Albuquerque, New Mexico 87110

Geoffrey R. Romero
Law Offices of Geoffrey R. Romero
4801 All Saints Road NW #A
Albuquerque, New Mexico 87120

Ray M. Vargas, II
The Vargas Law Firm, LLC
807 Silver Avenue SW
Albuquerque, New Mexico 87102

Bruce Thompson
Martinez, Hart & Thompson
1801 Rio Grande NW
Albuquerque, New Mexico 87104

Tim Fields
Susan Miller Bisong
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103

Daniel W. Lewis
Christopher P. Winters
Allen, Shepard, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199

                                                */s/ Meloney Perry*
                                                Meloney Perry