IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS and
GEORGE WILLIS,

    Plaintiffs,

vs.                                        Civ. No. 13-280 KG/KK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
BOB SMITH, KATHY BROWN,
DANIEL ULIBARRI, and BERKSHIRE HATHAWAY, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant Brown's Motion to Dismiss (Motion to Dismiss) filed on July 30, 2013. (Doc. 27). Defendant Kathy Brown moves under Fed. R. Civ. P. 4(m),[1] 12(b)(2), and 12(b)(5) to dismiss without prejudice Plaintiffs' claims against her for failure to serve process. Plaintiffs filed a response on August 21, 2013, arguing that the Court should extend the time for them to serve process on Kathy Brown. (Doc. 43). Kathy Brown filed a reply on September 11, 2013, opposing an extension of time to serve her. (Doc. 49). Having reviewed the Motion to Dismiss and the accompanying briefing, the Court denies the Motion to Dismiss and extends the time for Plaintiffs to serve process on Kathy Brown.

*A. Background*

       Plaintiffs filed this lawsuit in state court on February 6, 2013. (Doc. 1-1). This lawsuit arises from a vehicular collision involving an underinsured motorist insurance claim under Plaintiffs' GEICO automobile insurance policy. Plaintiffs bring this lawsuit against GEICO

---

[1] The Court cites the Rule 4(m) in effect during the time relevant to Defendant Brown's Motion to Dismiss. Rule 4(m) was recently amended effective December 1, 2015.

insurance companies, GEICO adjusters, and a New Mexico GEICO agent, Daniel Ulibarri, for undervaluing Plaintiffs' damages claims and delaying payment of those claims.[2] Plaintiffs also bring a civil conspiracy claim against Berkshire Hathaway, Inc., the owner of the GEICO insurance companies.

On February 20, 2013, the state court issued summonses for the Defendants. (Doc. 1-3) at 1. Plaintiffs served Ulibarri on February 21, 2013. *Id.* On March 22, 2013, Ulibarri removed the lawsuit to federal court on the basis of diversity jurisdiction. (Doc. 1). Under Rule 4(m), Plaintiffs had 120 days from the date of the removal to serve process on the unserved Defendants. *See Bruley v. Lincoln Prop. Co., N.C., Inc.,* 140 F.R.D. 452, 453 (D.Colo.1991) ("120 day period for serving process starts to run on the date of removal rather than the date the state complaint was filed"). Plaintiffs sought and obtained federal summonses for the unserved Defendants, including Kathy Brown, on June 20, 2013, a month before the 120-day period expired on July 20, 2013.

On July 9, 2013, a process server delivered a summons and complaint to Karen Haynes to effect service on Kathy Brown. (Doc. 17) at 2. Both the summons and Affidavit of Service were addressed to Kathy Brown. *Id.* at 1-2. The Affidavit of Service states that Haynes was an agent authorized to accept service on behalf of Kathy Brown. *Id.* at 2. The Affidavit of Service also notes that Haynes stated she could accept service on behalf of Kathy Brown and that Haynes provided a "standard letter of acceptance." *Id.* The process server attached to the Affidavit of Service an Interoffice Memorandum from James Gary Brown, no relation to Kathy Brown,

---

[2] The Court notes that Plaintiffs agreed to dismiss with prejudice the underinsured motorist coverage claim, but Plaintiffs continue to assert the extra-contractual claims not affected by that dismissal. (Doc. 146).

stating that Haynes has the authority to sign legal documents on behalf of James Gary Brown. *Id.* at 3.

In a subsequent affidavit, Haynes attests that she did "not recall discussing Kathy Brown with a service processor on July 9, 2013." (Doc. 27-1) at ¶ 6. Haynes recalls that on July 9, 2013, she provided a process server with the Interoffice Memorandum indicating her authority to accept service on behalf of James Gary Brown, and she accepted the summons and complaint. *Id.* at ¶ 7. Haynes further states that if she "accepted a summons and complaint directed to Kathy Brown individually, it was not [her] intention to do so." *Id.* at ¶ 8. Finally, Haynes verifies that she did not have the authority to accept service on behalf of Kathy Brown. *Id.* at ¶ 9. Kathy Brown also confirms that Haynes did not have authority to accept service on her behalf. (Doc. 27-2) at ¶ 5.

Plaintiffs did not learn that service of process on Kathy Brown was ineffective until Kathy Brown filed the Motion to Dismiss on July 30, 2013, ten days after the 120 day-period to serve process expired. (Doc. 43) at 4. To date, Plaintiffs have not personally served Kathy Brown. (Doc. 27-2) at ¶ 6.

*B. Discussion*

Kathy Brown moves to dismiss without prejudice Plaintiffs' claims against her under Rule 4(m) for failure to serve process, Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(5) for insufficient service of process. These three rules are interrelated. First, Rule 4 governs how to effect service of process in a federal action. Second, a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is appropriate when a plaintiff does not meet "the procedural requirement of service" of process. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a

defendant, the procedural requirement of service of summons must be satisfied."). Third, a Rule 12(b)(5) motion to dismiss challenges "the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.2004); *see also Gartin v. Par Pharm. Co., Inc.,* 289 F. App'x 688, 692 n. 3 (5th Cir.2008) (citing Wright & Miller). Accordingly, a court may dismiss a complaint without prejudice for ineffective service of process pursuant to the Federal Rules of Civil Procedure if the plaintiff fails to establish that he has properly effectuated service under Rule 4. *See Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987). *See also* Wright & Miller, § 1353 ("the party on whose behalf service has been made has the burden of establishing its validity."); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992). Here, Kathy Brown argues that Plaintiffs have not complied with Rule 4(m) and that the Court should, therefore, dismiss Plaintiffs' claims against her without prejudice.

> Federal Rule of Civil Procedure 4(m) reads, in relevant part:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) makes clear that a district court must extend the time for service if a plaintiff shows good cause for failure to serve process. *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir.1995). Furthermore, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.*

### 1. Whether to Grant a Mandatory Extension of Time

Plaintiffs argue first that good cause exists to excuse their failure to effect service on Kathy Brown and that the Court must grant Plaintiffs an extension of time to serve her. Courts read the good cause requirement narrowly in order "to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (citation omitted). Moreover, courts have established that a mistake by counsel generally does not amount to good cause. *Id.* at 1439. However, a reasonable, but mistaken, belief that an authorized agent accepted service can constitute good cause. *McGath v. Hamilton Local Sch. Dist.*, 848 F.Supp.2d 831, 839 (S.D. Ohio 2012); *McKinnis v. Hartford Life*, 217 F.R.D. 359, 361-62 (E.D. Pa. 2003).

In this case, although Plaintiffs mistakenly believed that Haynes had the authority to accept service on behalf of Kathy Brown, that belief was not reasonable. Had the process server or counsel read the Interoffice Memorandum attached to the Affidavit of Service, she or he would have discovered that service was ineffective. This inadvertence does not provide a basis for good cause and demonstrates that Plaintiffs were not meticulous in their effort to serve Kathy Brown. Consequently, Plaintiffs have failed to demonstrate good cause for their failure to serve Kathy Brown. Hence, the Court denies Plaintiffs' request for a mandatory extension of time to serve Kathy Brown.

### 2. Whether to Grant a Permissive Extension of Time

Plaintiffs also argue, in the alternative, that the Court should grant a permissive extension of time to serve Kathy Brown. Factors which favor a permissive extension of time include whether (1) the plaintiff intentionally delayed serving process; (2) the plaintiff was dilatory in his effort to serve process; (3) the defendant revealed the defect in service to the plaintiff; (4)

dismissal of the case would be a severe sanction against the plaintiff; (5) judicial economy would be served by dismissing claims; (6) the defendant would be prejudiced from delayed service of process; (7) the defendant had actual notice of the lawsuit; and (8) the plaintiff's mistake regarding the proper registered agent is understandable. *McClintock v. Coffeyville Res. LLC*, 2010 WL 3992308, at *2 (N.D. Okla.); *Padilla v. Walgreen Hastings Co.*, 2009 WL 2951025, at **6 and 11 (D.N.M.); *Mata v. Anderson*, 760 F.Supp.2d 1068, 1098 (D. N.M. 2009); *Bruce v. United Parcel Servs., Inc.*, 2007 WL 4208715, at *2 (W.D. Okla.). In analyzing the above factors, the Court considers the strong policy which prefers that courts reach the merits of a case instead of dismissing a case on a technicality. *Baumeister v. New Mexico Comm'n for the Blind*, 409 F.Supp.2d 1351, 1353-54 (D.N.M. 2006) (citing *Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997)).

Kathy Brown asserts several reasons for denying Plaintiffs' request for a permissive extension of time to serve process and argues that the Court should, instead, dismiss Plaintiffs' claims against her without prejudice. To begin with, Kathy Brown asserts that while the case was pending in state court Plaintiffs intentionally refrained from serving the state summonses and complaint on all Defendants, except Ulibarri, an improper New Mexico resident, to defeat diversity jurisdiction. Consequently, Kathy Brown contends that Plaintiffs acted in bad faith by waiting to serve her until after the removal to federal court.

The Court, however, does not find Kathy Brown's bad faith argument convincing. First, under New Mexico law, "[s]ervice of process shall be made with reasonable diligence…." Rule 1-004(C)(2) NMRA 1998 (2015 ed.). Here, only about one month elapsed between the time Plaintiffs served Ulibarri and the removal to federal court, a relatively short period of time. Moreover, the parties have not presented any evidence to suggest that Plaintiffs were not

reasonably diligent when they failed to effect state service of process on Kathy Brown within that one month period. Second, federal courts have held that "state court process becomes null and void on the date the action is removed to the federal court." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) (construing 28 U.S.C. § 1448).[3] *See also Bruley v. Lincoln Prop. Co., N.C.*, 140 F.R.D. 452, 454 (D. Colo. 1991) ("I hold that service of a state court summons after removal is not sufficient.").[4] Considering that case law, it was not unreasonable for Plaintiffs to request new federal summonses and to attempt to serve Kathy Brown within the 120-day post-removal period of time for service of process. Third, the fact that Plaintiffs did not know about their mistake in attempting to serve Kathy Brown until she filed her Motion to Dismiss ten days after the 120-day period expired favors a permissive extension of time. In sum, the Court does not find that Plaintiffs were dilatory in their effort to serve Kathy Brown.

Next, Kathy Brown argues that a dismissal of the claims against her without prejudice will not constitute a severe sanction against Plaintiffs. In fact, Plaintiffs note that if the Court dismisses the claims against Kathy Brown without prejudice, Plaintiffs will re-file their action against her. Hence, a dismissal without prejudice would not, in this case, be a severe sanction against Plaintiffs. On the other hand, Plaintiffs contend that two lawsuits would not serve judicial economy, especially if Plaintiffs subsequently seek to consolidate the two lawsuits. The

---

[3] 28 U.S.C. § 1448 provides in part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

[4] The Court notes that the Tenth Circuit has not yet addressed the question of whether federal courts must issue new process under Rule 4 after a case has been removed. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010).

Court agrees. Accordingly, judicial economy favors a permissive extension of time to serve Kathy Brown.

Finally, Kathy Brown argues that she "is prejudiced by remaining a defendant in a case for months without confirmation that Plaintiffs even intend to pursue claims against her." (Doc. 49) at 7. Because Plaintiffs were not dilatory in their effort to serve process on Kathy Brown and she does not deny that she had actual notice of the lawsuit, Kathy Brown suffered minimal, if any, prejudice. The lack of more than minimal prejudice does not justify denying Plaintiffs' request for a permissive extension of time to serve Kathy Brown.

Furthermore, Plaintiffs' mistaken belief that Haynes had the authority to accept service on behalf of Kathy Brown is understandable. First, Haynes apparently told the process server, or at least implied, that she had the authority to accept service on behalf of Kathy Brown. Second, Haynes provided the process server with a Interoffice Memorandum which the process server assumed, albeit incorrectly, supported Haynes' authority to accept process on behalf of Kathy Brown. Third, confusion could understandably arise considering that both Kathy Brown and James Gary Brown share the same last name. This last factor, likewise, supports a permissive extension of time to serve Kathy Brown.

On balance, the above factors justify the Court's exercise of its discretion to grant Plaintiffs' request for a permissive extension of time to serve Kathy Brown. Moreover, the strong policy which prefers that courts reach the merits of a case rather than dismissing a case on a technicality supports the Court's decision to allow a permissive extension of time. Consequently, the Court denies the Motion to Dismiss.

IT IS ORDERED that

1. Defendant Brown's Motion to Dismiss (Doc. 27) is denied;

2. Plaintiffs have fourteen days from the date of the entry of this Memorandum Opinion and Order to serve process on Kathy Brown in accordance with the Federal Rules of Civil Procedure; and

3. failure to effect service of process on Kathy Brown within that time period will result in the dismissal of Plaintiffs' claims against Kathy Brown without prejudice.

_____
UNITED STATES DISTRICT JUDGE