IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS and
GEORGE WILLIS,

      Plaintiffs,

vs.                                     Civ. No. 13-280 KG/KK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO GENERAL INSURANCE COMPANY,
BOB SMITH, KATHY BROWN,
DANIEL ULIBARRI, and BERKSHIRE HATHAWAY, INC.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Defendant Government Employees Insurance Company's Motion to Dismiss and supporting memorandum (collectively, Motion to Dismiss), [1] both filed on August 9, 2013. (Docs. 35 and 36). Defendant Government Employees Insurance Company (Government Employees), a GEICO company, moves to dismiss Plaintiffs' claims against it under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to the absence of Article III standing, and, alternatively, to dismiss Count X of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against Government Employees. Plaintiffs filed a response on September 9, 2013, opposing the Rule 12(b)(1) dismissal of their claims against Government Employees. (Doc. 48). Plaintiffs, however, did not respond to the Rule 12(b)(6) argument for dismissal of Count X. *Id.* On September 23, 2013, Government Employees filed a reply. (Doc.

_____

[1] Former Defendants GEICO Indemnity Company and GEICO Casualty Company had originally joined in the Motion to Dismiss. Plaintiffs, however, have since dismissed their claims against those two Defendants without prejudice. (Doc. 47). Consequently, the Court will not consider Plaintiffs' claims against GEICO Indemnity Company and GEICO Casualty Company in deciding the Motion to Dismiss.

56).  Having considered the Motion to Dismiss and the accompanying briefing and exhibits, the Court grants the Motion to Dismiss and will dismiss without prejudice all of Plaintiffs' claims against Government Employees.

*A.  Background*

  *1.  The Complaint*

This lawsuit arises from a vehicular collision involving an underinsured motorist insurance claim under Plaintiffs' GEICO automobile insurance policy.  Plaintiffs bring this lawsuit against Government Employees, GEICO General Insurance Company (GEICO General), two GEICO adjusters, and a GEICO agent, Daniel Ulibarri, for undervaluing Plaintiffs' damages claims and delaying payment of those claims.[2]  Plaintiffs also bring a civil conspiracy claim, Count X, against Berkshire Hathaway, Inc., the owner of the GEICO insurance companies, as well against Government Employees and the other Defendants.

  *2.  Evidence Relevant to Standing*

It is unclear from the complaint which Defendant GEICO company employed the Defendant adjusters.  The complaint refers simply to a collective "GEICO" when referring to the adjusters' employer.  (Doc. 1-1) at ¶¶ 3, 5, and 6.  Plaintiffs, however, produced a deposition excerpt from another case in which the deponent states that Government Employees employs all of the adjusters.  (Doc. 48-1).  Also, there is evidence that Government Employees employed Ulibarri as a managing attorney and as legal counsel for GEICO General in this matter.  (Doc. 1-4) at ¶¶ 3, 10, and 15.

---

[2] Plaintiffs agreed to dismiss with prejudice the underinsured motorist coverage claim, but Plaintiffs continue to assert the extra-contractual claims not affected by that dismissal.  (Doc. 146).

Additionally, Ruben Garay, a Government Employees' coverage underwriter, attested in a declaration that GEICO General issued Plaintiffs' GEICO automobile insurance policy. (Doc. 36-1) at 2, ¶ 3. In fact, the cover page to Plaintiffs' policy has GEICO General's name on it as does an Automobile Policy Amendment. *Id.* at 4 and 22. Garay also attested that Plaintiffs reported their underinsured motorist insurance claim to GEICO General. *Id.* at 2, ¶ 5. A GEICO General document supports this attestation. *Id.* at 24.

B. *Discussion*

　　1. *Rule 12(b)(1)*

Government Employees argues first that the Court should dismiss Plaintiffs' claims against it under Rule 12(b)(1) for lack of subject matter jurisdiction due to the absence of Article III standing. Standing to sue is a jurisdictional issue properly raised by a Rule 12(b)(1) motion. *See Wilderness Society v. Kane Cty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (*en banc*); *see also Colorado Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). Government Employees raises a factual challenge. In addressing such a challenge, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow ... other documents ... to resolve the disputed jurisdictional facts under Rule 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).

Article III of the United States Constitution grants federal courts jurisdiction to decide only actual cases and controversies brought by litigants with an interest in that controversy.

*Warth v. Seldin,* 422 U.S. 490, 498 (1975); *Western Shoshone Business Council v. Babbitt* 1 F.3d 1052, 1055 (10th Cir.1993). Courts should address any challenges to Article III standing as a threshold matter. *Warth*, 422 U.S. at 498. To establish Article III standing, a plaintiff "must show an injury that is '[1] concrete, particularized, and actual or imminent; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling.'" *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1126 (10th Cir. 2013) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013)).

Government Employees argues that its conduct did not cause any injury to Plaintiffs which would be redressable by a favorable ruling because it did not issue Plaintiffs' policy and did not process Plaintiffs' claim. Government Employees cite *Johnson v. Geico Cas. Co.* in support of that argument. 673 F.Supp.2d 244 (D. Del. 2009). In *Johnson*, the district court held that even if certain GEICO insurance companies "engaged in the arbitrary and unreasonable denial of benefits," the plaintiffs' injuries are not traceable to that conduct when other GEICO insurance companies issued the relevant policies. *Id.* at 254. The plaintiffs in *Johnson*, therefore, lacked standing to sue the GEICO insurance companies who did not issue the policies.[3] *Id.*

Plaintiffs contend, on the other hand, that New Mexico insureds have standing to bring suit against insurance companies who did not issue the insureds' policies. Plaintiffs rely first on *Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, 136 N.M. 552. In *Dellaira*, Farmers Insurance Company of Arizona (FICA) issued the plaintiffs' policy while Farmers Insurance

---

[3] Plaintiffs note the *Johnson* court subsequently "denied at this time" a motion to dismiss for lack of standing to sue a newly added GEICO company because of discovery disputes concerning that company's relationship with the other defendant insurance companies. *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 410-11 (D. Del. 2010). The court further stated that it "will revisit the issue of Plaintiffs' standing against [the newly added GEICO company] at a later time, if needed." *Id.* at 411. This later decision does not overrule the previous *Johnson* opinion.

Exchange (FIE) "directed, handled, administered, and adjusted all claims submitted by FICA's policy holders." *Id.* at ¶ 1.  Plaintiffs cite the portion of the opinion discussing the plaintiffs' claim against FIE for breach of the duty of good faith and fair dealing in which the New Mexico Court of Appeals stated:

> We do not see any sound reason why New Mexico should not permit pursuit of such a claim where, as is suggested by the pleadings, an entity related to or pursuant to an agreement with the insurer issuing the policy *has control over and makes the ultimate determination* regarding the merits of an insured's claim.

*Id.* at ¶ 14 (emphasis added).  *Dellaira* is easily distinguishable from this case.  Unlike in *Dellaira*, Plaintiffs have not presented any evidence that Government Employees had control over Plaintiffs' claim or made the final determination of the merits of that claim.

Plaintiffs also cite *Martinez v. Cornejo* for the proposition that plaintiffs in New Mexico have standing to bring claims against the employees of an insurer which handles claims.  (Doc. 48) at 2.  The New Mexico Court of Appeals held that a manager of a group of insurance adjusters is considered an "insurer" for the purpose of being subject to personal liability under the New Mexico Trade Practices and Frauds Act.  2009-NMCA-011, ¶ 19, 146 N.M. 223.  In *Martinez*, the manager of the adjusters worked for the insurance company which issued the tortfeasor's policy.  *Id.* at ¶ 2.

Plaintiffs argue that under *Martinez* they have standing to sue Government Employees because Ulibarri and the Defendant adjusters are employees of Government Employees.  This argument fails for several reasons.  First, in contrast to *Martinez,* Ulibarri is a managing attorney and does not manage adjusters.  Second, unlike *Martinez* in which the insurance company that issued the policy employed the manager*,* GEICO General, the insurance company which issued Plaintiffs' policy, does not employ Ulibarri.  Third, Plaintiffs fail to convince the Court that Government Employees employed the Defendant adjusters.  Plaintiffs' evidence, a deposition

5

excerpt from another case, does not specifically address whether Government Employees

employed the Defendant adjusters involved in this particular case.

In sum, Plaintiffs have not demonstrated that they have Article III standing to bring their

lawsuit against Government Employees.  The Court will, therefore, dismiss without prejudice all

of Plaintiffs' claims against Government Employees under Rule 12(b)(1) for lack of subject

matter jurisdiction.

*2.  Rule 12(b)(6) and Count X, the Civil Conspiracy Claim*

Although the Court determines that Plaintiffs lack standing as to all of Plaintiffs' claims,

the Court, nevertheless, notes that Plaintiffs did not respond to Government Employees'

argument that the Court could also dismiss Count X, the civil conspiracy claim, for failure to

state a plausible claim under Rule 12(b)(6).  Under Local Rule 7.1(b), Plaintiffs' failure to

oppose Government Employees' Rule 12(b)(6) motion "constitutes consent to grant the motion."

Moreover, courts have deemed a "plaintiff's failure to respond to an argument raised in

defendants' papers tantamount to an express abandonment of any such claim."  *Palmer v.

Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 72 F. Supp. 2d 1237, 1250-51 (D. Kan.

1999).  Finally, the Court is simply not obligated to "make a party's case for it."  *Adler v. Wal-

Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).  For these reasons, as well as Plaintiffs'

lack of Article III standing, the Court will dismiss Count X without prejudice.

IT IS ORDERED that

1.  Defendant Government Employees Insurance Company's Motion to Dismiss (Doc.

35) is granted;

2.  all of Plaintiffs' claims against Defendant Government Employees Insurance

Company will be dismissed without prejudice; and

3.  Defendant Government Employees Insurance Company will be terminated as a Defendant in this case.

UNITED STATES DISTRICT JUDGE