IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA WILLIS and
GEORGE WILLIS,

    Plaintiffs,

vs.                                                                                            Civ. No. 13-280 KG/KK

GEICO GENERAL INSURANCE COMPANY,
BOB SMITH, KATHY BROWN, DANIEL
ULIBARRI, and BERKSHIRE HATHAWAY, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiffs' Motion in Limine to Prohibit GEICO from Offering into Evidence Any Documents GEICO has Claimed as Privileged (Motion in Limine), filed on March 4, 2016.  (Doc. 187).  Defendant GEICO General Insurance Company (GEICO) filed a response on March 18, 2016, and Plaintiffs filed a reply on March 29, 2016.  (Docs. 195 and 205).  Having considered the Motion in Limine and the accompanying briefing, the Court denies the Motion in Limine.

    Plaintiffs are concerned that GEICO will use privileged materials at trial without having disclosed those materials to Plaintiffs in discovery.  Plaintiffs, therefore, seek an order that GEICO "cannot offer into evidence, argue, or otherwise use any documents which as of March 10, 2016, it has claimed as privileged."  (Doc. 205) at 2.

    GEICO argues that the Court should deny the Motion in Limine for several reasons.  As an initial matter, GEICO contends that the Motion in Limine does not comply with Local Rules 7.1(a) and 7.3(a).  Under Local Rule 7.1(a), a motion must "state with particularity the grounds and the relief sought" while, under Local Rule 7.3(a), a motion "must cite authority in support of

the legal positions advanced." Finally, Local Rule 7.1(a) requires a "recitation of a good-faith request for concurrence…." GEICO correctly observes that Plaintiffs' Motion in Limine does not identify what specific evidence Plaintiffs claim would be at issue nor does the Motion in Limine contain any legal citation or a "recitation of a good-faith request for concurrence…." The Court could deny the Motion in Limine for those reasons. However, the Court prefers to address the merits of the Motion in Limine.

GEICO states that it does not intend to introduce evidence of privileged information at trial, unless the privileged information becomes necessary to defend against this lawsuit and (1) the Court has ruled that the information is not privileged, or (2) the privilege has been waived. Of course, once privileged information is no longer privileged and GEICO plans to use such information at trial, GEICO has an obligation to disclose that information to Plaintiffs and Plaintiffs have a right to conduct discovery regarding that information. *See* Fed. R. Civ. P. 26(e)(1) (supplementing discovery); Fed. R. Civ. P. 16(b)(4) (modifying discovery deadline for good cause). These safeguards under the Federal Rules of Civil Procedure should assuage Plaintiffs' concerns, thereby making the Motion in Limine unnecessary. Should these safeguards fail, Plaintiffs may move the Court at that time for appropriate relief.

IT IS ORDERED that Plaintiffs' Motion in Limine to Prohibit GEICO from Offering into Evidence Any Documents GEICO has Claimed as Privileged (Doc. 187) is denied.

_____
UNITED STATES DISTRICT JUDGE